In the Matter of the Probate of the Will of IDA MARS, Deceased. WILLIAM J. McGIFFERT, Appellant; CLARA HENDERSON et al., Respondents.— In a contested probate proceeding, order granting the proponent's motion to require the contestant to furnish a bill of particulars as to the alleged fraud and undue influence, but directing what the bill may contain in respect of matters of which the party does not have present knowledge, affirmed, with $10 costs and disbursements to all parties filing briefs, payable out of the estate. No opinion. Nolan, P. J., Carswell, Adel, MacCrate and Beldock, JJ., concur.

∎

LAUREN T. JOHNSON, Respondent, et al., Plaintiffs, v. PENNSYLVANIA GREYHOUND LINES, INC., Appellant.— Appeal by defendant from an order granting respondent's motion for a preference in an action to recover damages for personal injuries. In opposition to the motion defendant made an offer to pay the respondent the sum of $10,000 " as an advance payment in partial satisfaction of any final judgment which may be rendered in favor of the plaintiff in this action " or on account of any settlement which might be made, without any obligation on the part of the respondent to repay this sum. The offer was made on certain terms and conditions which, generally stated, are that the motion be denied with leave to renew after November 1, 1953, or that the case be added to the ready day calendar not earlier than January 2, 1954. The purpose of the offer, as asserted on behalf of defendant, was " to further justice and at the same time relieve plaintiff's acute economic problems." Order reversed, without costs, and motion denied, without costs, on condition that the defendant will not, within ten days after the making of the order hereon, withdraw its said offer, and on the further condition that defendant carry out the terms of the offer, if it be accepted. Otherwise, the order is reversed, without costs, and motion denied, without costs, with leave to renew after September 30, 1953, or earlier upon a satisfactory showing that a prognosis of the injuries to respondent's left lower extremity can be made with reasonable certainty. The moving papers establish that the respondent has sustained a number of serious injuries, the true nature, and the permanence of which, cannot be presently established. The sum offered by the defendant is sufficient to relieve respondent of his present financial stringency. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.